## 15680.   ASKEW *v.* REDWINE BROTHERS.

BROYLES, C. J.   1.   In view of the note of the trial judge, grounds 1 and 2 of the amendment to the motion for a new trial are without merit.

2.   A ground of the motion for a new trial is based upon the alleged newly discovered evidence that after the jury had been charged, and before the verdict was returned, and during the noon recess of court, one of the jurors, while separated from the other jurors, talked with one of the defendants in error.   This ground was supported by the affidavit of the plaintiff in error, who stated therein that, about three weeks after the trial of the case, the juror in question told him that he had so conversed with one ·of the defendants in error.   This ground is without merit.    A verdict cannot be impeached by an affidavit from a juror as to his misconduct during the trial of a case, nor by an affidavit from any other person that subsequent to the trial the juror told him of 'such misconduct.   *Corbin* v. *McCrary*, 22 *Ga. App.* 473 (5) (96 S. E. 445), and citations.

3.   The verdict was authorized by the evidence and the refusal to grant a new trial was not error.

4.   Not being fully convinced that the bill of exceptions was brought to this court for delay only, the request of the defendant in error that ten per cent. damages, as provided by section 6213 of the Civil Code of 1910, be assessed against the plaintiff in error, is denied.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED AUGUST 8, 1924.

Lien foreclosure; from Fayette superior court—Judge Searcy. May 7, 1924.

*W. B. Hollingsworth,* for plaintiff in error.

*J. W. Culpepper,* contra.