## WARD v. MORRIS, administrator.

GILBERT, J. This case was tried in the superior court, and the verdict was returned on July 17, 1920. It was previously before this court on writ of error, and was decided on May 15, 1922. *Ward* v. *Morris*, 153 *Ga.* 421 (112 S. E. 719). On February 28, 1924, E. W. Ward, caveator, filed a motion "to set aside the verdict in the case and to order a new trial therein, upon the following grounds: Because said verdict was and is not the verdict of the jury based upon the law as given them in charge by the court and the opinion they had of the evidence submitted to them, but was the result of hazard and chance, in that after the jury had been out for many hours until it appeared that no agreement was possible and a mistrial would have to be declared, during which time an overwhelming majority of said jury had voted and were holding out to find in favor of the caveat and against the will, one of the jurors, who was favoring the caveat, proposed to a juror holding out to find for the will, that they toss a coin, heads and tails, and that, whichever side won, the other side would come over and sign the verdict on the side of the one winning; this was done and the juror favoring the will won, and the majority then went over to his side and agreed to the verdict as a result of such wager; that on the last ballot taken before this, the jury had voted 11 to setting the will aside and one in favor of the will; that the verdict was then returned into court and read. The said verdict is therefore contrary to law, to public policy and good conscience, and should be set aside." The remaining grounds of the motion were expressly abandoned by the plaintiff in error, whose brief contained the statement that "In this court only one ground of the motion will be argued, and that is the first ground, that the verdict and judgment sought to be set aside was a gambling or chance verdict." The only evidence offered in support of the motion was contained in the affidavit of the movant, as stated in the ground quoted above. *Held:*

1. The evidence was entirely hearsay, and purported to be the sayings of a juror whose verdict movant sought to set aside.

2. The evidence is hearsay, and of no probative value.

3. Even if the affidavit of the juror himself had been produced, it would have been inadmissible. "The affidavits of jurors may be taken to sustain, but not to impeach their verdict." Civil Code (1910), § 5933.

4. "If a verdict may not be impeached by an affidavit of one or more of the jurors who found it, certainly it can not be impeached by affidavits from third persons, establishing the utterance by a juror of remarks tending to impeach his verdict. The affidavit of a party that some of the jurors told him the verdict was caused by a mistake furnishes no cause to set it aside." 11 Mich. Dig. Supp. 407, and cases cited.

5. Counsel for plaintiff in error denominates his motion as an extraordinary motion for new trial. Without deciding whether it is such, the court did not err in denying the motion.

*Judgment affirmed. All the Justices concur.*

No. 4533. JANUARY 14, 1925.

Appeal. Before Judge Wright. Floyd superior court. September 16, 1924.

*M. B. Eubanks,* for plaintiff in error.

*Maddox, Matthews & Owens,* contra.