### 47209. BAILEY v. TODD.

CLARK, Judge. This appeal is in behalf of a minor plaintiff pedestrian from an adverse verdict for the motorist whose car injured the child. On February 3, 1969, the date of the occurrence, plaintiff was 8 years old. Her injuries were received when she was crossing an Atlanta street after descending from an Atlanta Transit System bus. The case was tried for three days before a jury with evidence from both sides which resulted in a verdict for defendant. There are 29 enumerations of error of which 21 relate to the charge of the court. These are herein considered in the order they were presented excepting this court lumps together those which appropriately should be dealt with as a unit in order to limit reasonably the length of this opinion.

1. The first four enumerations deal with evidentiary conflicts. Plaintiff made a motion for a directed verdict supplemented subsequently by a motion for judgment notwithstanding verdict along with a motion for new trial containing the general grounds and a special enumeration of error alleging "there was not any competent or probative evidence whatever supporting the verdict of the jury of June 17, 1971, for the defendant in this case." We have read the entire trial transcript of 426 pages and find the trial court was not in error in ruling this case presented questions of fact for determination by

the jury. Similar cases on verdicts for defendant motorists involving pedestrian children in which this court has ruled as jury questions the determination of "legal accident," and whether the automobile driver was negligent, and whose negligence, if any, by either, was the proximate cause, and whether the child could by the exercise of due care for one of her physical and mental capacity under the circumstances and situation have avoided the consequences of defendant's negligence after it became apparent or should have become apparent to her, are *Cohn v. Buhler,* 30 Ga. App. 14 (116 SE 864); *Brewer v. Gitting,* 102 Ga. App. 367 (5) (116 SE2d 500); and *Hieber v. Watt,* 119 Ga. App. 5 (165 SE2d 899).

Testifying for the plaintiff as to the facts of the incident were the minor, her mother, and her sister. For the defendant testimony came from the defendant, a bus driver, the investigating police officer, and a motorist who had followed the Todd vehicle for about two blocks. Even without defendant's testimony which counsel contends should be disregarded as being equivocal and contradictory and as having been successfully impeached, the other evidence in the case unquestionably raises jury issues. The case here in many respects is similar to *Etheridge v. Hooper,* 104 Ga. App. 227 (121 SE2d 323).

"Where the trial judge approves the verdict, the sole question for determination is whether there is any evidence sufficient to authorize it." *Adler v. Adler,* 207 Ga. 394, 405 (61 SE2d 824); *Memory v. O'Quinn,* 101 Ga. App. 330, 333 (113 SE2d 780). See also *Neloms v. Carmichael,* 125 Ga. App. 331 (187 SE2d 555) and *Threlkeld v. Whitehead,* 95 Ga. App. 378 (98 SE2d 76).

"It is our duty to construe the evidence to uphold the verdict instead of upsetting it [cits.], particularly if there is any evidence to support it. [cit.]" *Hieber v. Watt,* 119 Ga. App. 5, 9 (165 SE2d 899).

The trial court ruled correctly as to the first four enumerations of error.

2. In attacking the trial court's charge appellant alleges 21

errors. These cover a wide range even to the extent of arguing that the judge erred in failing to change the gender from "his" to "her" in charging the exact verbiage of *Code Ann.* § 68-1716 (a). Appellee has pointed out that with the specific exception which appellant's counsel made to there being "no ground whatsoever to authorize any charge on accident" that the manner in which appellant's objections to the charge were made fails to meet the requirements of *Code Ann.* § 70-207 (a). In support of his position on this, appellee's counsel cited *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (149 SE2d 393). This court in *A-1 Bonding Service Inc. v. Hunter,* 125 Ga. App. 173 (186 SE2d 566) specifically disapproved that portion of *Ga. Power Co. v. Maddox* and any other cases which required a greater particularity of objection than that contained in the Code section. This eliminated any requirement for the objector specifically to state "the correction needed to cure the error." But this clarifying decision reiterated the necessity of objections to a jury charge being made in the manner specified by the statute. In Judge Deen's special concurrence he pointed out that the rulings made in cases which he cited therein were not affected by the elimination of the faulty clause "and the correction needed to cure the error." Thus, as the special concurring opinion makes clear, it is essential that (1) the grounds of objection must be made known to the court, (2) the grounds cannot be enlarged on appeal to include grounds not urged before the trial court, (3) where no exception is made before verdict error claimed on appeal will not be reviewed unless it is deemed to be substantial and error as a matter of law under § 70-207 (c), and (4) that a mere general exception to the charge or a portion of it is insufficient to raise any issue for decision. Our examination of the record discloses that appellant's counsel in the main did not comply with the statutory requirements other than his specificity as to the portion of the charge dealing with "legal accident."

During his oral argument appellant's counsel recognized the

law on this as being possibly adverse to him and urged upon this court that each enumeration of error should be considered by us under the provisions of *Code Ann.* § 70-207 (c). Motivated in part by the zeal of advocacy as shown by his submission of an extensive 88 page brief and reply brief of 14 pages along with his expressed earnestness in his cause together with the nature of the 29th enumeration which is dealt with hereafter, we have undertaken to consider each of the appellant's enumerations of error. We do not deem it necessary to recite the details contained in each enumeration as we regard it sufficient to state the principles of law which have required us to find no error.

3. As to No. 5, the trial court was correct when it followed its recital of the applicable Atlanta ordinances with the charge "If you do not believe that the plaintiff violated any of the city ordinances I have just read to you, then you would not consider the ordinances in making up your verdict in the case." Appellant's complaint of the inadvertent addition of the word "starting" in one of the three ordinances is simply a lapsus linguae which was not harmful to plaintiff's case. *Service Wholesale Co. v. Reese,* 91 Ga. App. 366 (85 SE2d 625).

4. Enumeration No. 6 complains of the court having charged on the law of "unavoidable accident" contending that the evidence shows "without contradiction" both common law negligence and negligence per se proximately causing plaintiff's alleged injuries and that there was no evidence authorizing such charge. The evidence here was sufficient to bring it within the ambit of *Cohn v. Buhler,* 30 Ga. App. 14, supra, *Brewer v. Gittings,* 102 Ga. App. 367, supra, and *Hieber v. Watt,* 119 Ga. App. 5, supra, all of which involved pedestrian children hit by an automobile. Under the evidence here the issue of accident was fairly raised and the instruction on the point was proper. See also *Eddleman v. Askew,* 50 Ga. App. 540 (8) (179 SE 247) and *Brown v. Mayor &c. of Athens,* 47 Ga. App. 820 (3) (171 SE 730).

5. Enumeration No. 7, argues the court improperly charged the jury on the principle of contributory negligence. As plaintiff was 8 years old at the time of the incident, it was correct for the court to have the jury determine whether she exercised such care for her own safety as her capacity fitted her for exercising in the actual circumstances of the occasion and situation under investigation. *Cohn v. Buhler,* 30 Ga. App. 14, supra; *Huckabee v. Grace,* 48 Ga. App. 621 (173 SE 744); *Mayor &c. of Madison v. Thomas,* 130 Ga. 153 (3) (60 SE 461); *Brewer v. Gittings,* 102 Ga. App. 367 (5), supra; *Etheridge v. Hooper,* 104 Ga. App. 227, supra. The court had elsewhere included in its charge the substance of *Code* § 105-204 as to what constitutes due care in a child of tender years. "On review the charge must be considered as a whole and each part in connection with every other part of the charge. [cits.]" *Zayre of Ga. v. Ray,* 117 Ga. App. 396 (5) (160 SE2d 648). "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." *Brown v. Matthews,* 79 Ga. 1 (4 SE 13).

6. Enumerations Nos. 8, 9, 10, 11, 17, and 18 complain of the failure of the court to charge in the exact words of the requests submitted by plaintiff. "It is now well settled that, simply because a request to charge . . . is apt, correct, and pertinent, it is not necessarily error to fail to charge it, but the test is whether the court substantially covered the principles embodied therein [cits.] or whether it was 'sufficiently or substantially covered by the general charge.' [cit.]" *Seaboard C. L. R. Co. v. Thomas,* 125 Ga. App. 716, 718 (188 SE2d 891). "Failure to charge in the exact language requested, where the charge substantially covered the same principle, is no longer a ground for a new trial under *Code Ann.* § 70-207 as re-enacted." *Hardwick v. Price,* 114 Ga. App. 817 (3) (152 SE2d 905).

See also *Jackson v. Miles,* 126 Ga. App. 320 (190 SE2d 565). It also should be noted that some of these requests were quotations from opinions of our appellate courts, but language of a reviewing court's opinion is not necessarily appropriate for use by a trial judge in charging the jury. *Hunt v. Pollard,* 55 Ga. App. 423 (190 SE 71); *Pettigrew v. Williams,* 68 Ga. App. 435 (23 SE2d 183); *Howard v. Hall,* 112 Ga. App. 247 (145 SE2d 70).

7. In enumerations Nos. 12, 13, 14, 15, 19, and 20, the claim of error is based on the court having failed to include a sentence or even a paragraph from appellant's requests while in fact charging the remainder of the requests. Examination of each of these indicates the court was correct in doing so as the charge stated the pertinent portions of the law while eliminating argumentative material. No error as to these. *New York Life Ins. Co. v. Thompson,* 50 Ga. App. 413 (178 SE 389); *Deraney v. Mays,* 205 Ga. 142 (52 SE2d 711).

8. We have already noted that enumeration No. 16 argues the court erred in using the male gender in charging the language of *Code Ann.* § 68-1716 (a) as to the necessity of defendant giving an "audible warning with his horn." Appellant argues, "The jury, therefore, naturally drew the conclusion that the said Code section did not apply to the female defendant, especially because the court did not state that 'his' included 'her' under the law." This argument is specious and sophistical since the jury clearly would recognize this applied to the female defendant without the necessity of the court explaining that "In a generic sense the term 'man' includes 'woman' and the pronoun 'he' includes a person of the feminine gender." *Hightower v. State,* 14 Ga. App. 246 (3) (80 SE 684). Furthermore, an instruction which when giving the jury credit for ordinary intelligence is not confusing, is not prejudicial. *Underwood v. Atlanta & W. P. R. Co.,* 105 Ga. App. 340 (124 SE2d 758).

This headnote dealing with the court's use of the male pronoun as including the female gender applies also to

appellant's complaint as to this sex differentiation contained in enumeration No. 13, disposed of as to another phase in the preceding headnote.

9. The 21st enumeration of error avers reversible error in the court having limited the jury in its determination of whether or not defendant was negligent to consideration of those charges of negligence covered in the instructions. Plaintiff contends this is not permissible under notice pleading and calls to our attention the discussion on this point in *Johnson v. Myers,* 118 Ga. App. 773, 776 (165 SE2d 739, 33 ALR3d 1047). It should be noted that there, after expression of some doubt concerning the validity of the contention, this court recognized the limitation did not affect the verdict. This certainly applies to the instant case where the plaintiff's complaint as amended pleaded nine specifications of negligence including a blanket allegation of negligence "in violating the laws of the State of Georgia and the ordinances of the City of Atlanta pertaining to the operation of vehicles." The charge as given was full, fair, and complete, and specifically referred the jury to the petition and the two amendments thereto for consideration by them. Error, if any, should be regarded as harmless. A new trial will not be required where a portion of a charge even though inapt and not authorized by the pleadings when considered in connection with the verdict shows that no injury was done to appellant. *Smith v. Merck,* 206 Ga. 361 (3) (57 SE2d 326); *New York Life Ins. Co. v. Williamson,* 53 Ga. App. 28 (184 SE 755); *McCall v. State,* 87 Ga. App. 185 (73 SE2d 245).

10. In the 22nd enumeration of error appellant complains that the court included in its charge a written request of defendant containing subparagraph 1 of subparagraph b of *Code Ann.* § 68-1626 providing maximum speed for vehicles in a residential area to be 35 miles an hour. It should be noted that appellant's counsel did not at the trial regard this to be sufficiently consequential to make a reference to it. As was said in *Dowis v. McCurdy,*

109 Ga. App. 488, 498 (136 SE2d 389), "If no error is observed in the charge by trained and astute counsel, is it likely that the untrained lay juror will be influenced by it?" Even if it were error, which is doubtful, it must be regarded as harmless.

11. Enumeration No. 23 deals with an incident occurring during the trial. Plaintiff's attorney was cross examining defendant and in pointing out a contradiction between her answer from the stand and that previously made in a deposition she answered: "It is untrue, because you had upset me and I was so confused until I answered incorrectly." Thereupon plaintiff's counsel said to the court: "If your Honor pleases, I respectfully ask the Court to protect counsel. Unless she can point out some way that I confused her. The question is simple and direct and there is nothing wrong with the question and when she makes an accusation of that sort against me, I think as an officer of the court I would appeal to the court to protect me from such remarks that are not responsive and they are not based upon any such evidence, and I think they are highly prejudicial and highly improper. I object to it and submit my objection to it." The trial judge then ruled: "Well, I think she has a right to make an explanation of the answer. I overrule the objection." We find no error. "The inhibition against an expression or intimation of opinion by the trial judge as to the facts of the case does not extend to colloquies between the judge and counsel as to the admissibility of certain evidence, especially where the judge is ruling upon a point made by counsel for the accused. Furthermore, if the judge, under such circumstances should make a statement prejudicial to the accused, this court could not consider any complaint thereof, in the absence of a timely motion for a mistrial based thereon." *Waddell v. State,* 29 Ga. App. 33 (5) (113 SE 94). In accord are *Herndon v. State,* 45 Ga. App. 360 (4) (164 SE 478); *Daniels v. Avery,* 177 Ga. 54 (3c) (145 SE 45); and *Green v. State,* 112 Ga. App. 329 (145 SE2d 80).

12. Enumeration No. 24 complains of the court's action in refusing plaintiff's counsel's motion to require the jurors to appear before the court for a hearing pertaining to determination as to whether a certain juror had been induced against her will to render a verdict for defendant. In making this motion counsel presented his personal affidavit with reference to his conversation with the juror while on a bus. The trial court was correct in ruling against this motion. As was said in *Ward v. Morris,* 159 Ga. 526 (3) (126 SE 291): "Even if the affidavit of the juror himself had been produced, it would have been inadmissible. 'The affidavits of jurors may be taken to sustain, but not to impeach their verdict.' (Civil Code (1910) § 5933)." (This Civil Code Section is now *Code Ann.* § 110-109.) Headnote 4 of *Ward v. Morris,* supra, is particularly appropriate to this case, it reading: "If a verdict may not be impeached by an affidavit of one or more of the jurors who found it, certainly it cannot be impeached by affidavits from third persons, establishing the utterance by a juror of remarks tending to impeach his verdict. The affidavit of a party that some of the jurors told him the verdict was caused by a mistake furnishes no cause to set it aside." See also *Smoky Mountain Stages v. Wright,* 62 Ga. App. 121, 123 (8 SE2d 453), where our court ruled that the trial court did not err in declining to subpoena jurors, after they had dispersed, and in refusing to take evidence to show that the verdict was a quotient verdict, nor in overruling a motion for new trial insofar as it was predicated thereon.

13. We have examined the portions of the charge complained of in Enumerations Nos. 25 and 26 and have concluded they were correctly stated and applicable principles of law.

14. Upon request of defendant, the trial court charged "You are not to show favor or sympathy to one party or the other. It is your duty to consider the facts objectively, without favor or affection or sympathy to either party."

Enumeration No. 27 contends this to be reversible error. He argues it to be contrary to the holding in *Parks v. Fuller,* 100 Ga. App. 463 (111 SE2d 755), *Holloway v. Mayor &c. of Milledgeville,* 35 Ga. App. 87 (6) (132 SE 106), and *Emory University v. Lee,* 97 Ga. App. 680 (104 SE2d 234). These three cases do not lead us to that conclusion. The *Parks* case dealt with a charge which unduly emphasized defense contentions "and intimated and expressed an opinion of the court as to what evidence the jury should believe and disbelieve and as to what had been proved in the case." Hn. 3. In *Holloway* the quoted charge was properly ruled argumentative but was in no way similar to that now under consideration. It is true that the *Emory University* case dealt with a charge involving sympathy but there the ruling was that the instructions as requested in block were in part argumentative at the same time that portions of the en banc request were correct. There this court undertook to advise the bar as to when such request regarding avoidance of sympathy and prejudice should be granted, citing *Powers v. State,* 138 Ga. 624 (5) (75 SE 651), and *Johnson v. State,* 128 Ga. 102 (2) (57 SE 353).

We are of the opinion that under the evidence in this case the charge was in conformance with these two Supreme Court cases. Civil cases which have ruled it was not error to charge that sympathy for the plaintiff should play no part in the deliberations of the jury are *Atlantic & B. R. Co. v. Bowen,* 125 Ga. 460 (54 SE 105); *Green v. Hines,* 25 Ga. App. 202 (102 SE 899); *Jackson v. Seaboard A.-L. R.,* 140 Ga. 277 (3) (78 SE 1059); *Sellers v. White,* 104 Ga. App. 148 (121 SE2d 385); and *Elam v. Atlantic C. L. R. Co.,* 115 Ga. App. 656 (155 SE2d 656). Of course, where there is nothing in the record or evidence or argument that necessitates cautionary instructions of this type, they are not appropriate. *Butler v. Kane,* 96 Ga. App. 521, 525 (100 SE2d 598); *Southern R. Co. v. Grogan,* 113 Ga. App. 451, 457 (148 SE2d 439).

On this subject we follow the example of recently retired

Chief Justice Bond Almand who in *Grimes v. Burch*, 223 Ga. 856 (159 SE2d 69), quoted with approval from a speech made by Logan Bleckley in 9 Ga. Bar Assn. Annual Report, pp. 54, 61, on the subject of "Emotional Justice." With his knack for brilliant rhetoric this greatest of Georgia's jurisprudential giants said: "Even righteous indignation and holy horror are impertinent intruders in an affair of justice. Emotional justice has no standing in the forum of right reason, and ought to have none anywhere. . . With less emotional justice inside of the courthouse, there would be less, perhaps none at all, on the outside. No greater good could be done than by withdrawing emotion as a force from the administration of justice."

15. Citing *Temples v. Central of Ga. R. Co.*, 15 Ga. App. 115 (82 SE 777), appellant avers the trial court erred in failing to disqualify or remove from the jury panel those jurors who were policyholders with the Allstate Insurance Company which carried defendant's coverage. The *Temples* case dealt with a juror being an employee of the defendant railroad which is not here applicable. This court in *Weatherbee v. Hutcheson*, 114 Ga. App. 761 (152 SE2d 715), in Headnote 2 succinctly stated the relevant principle: "If the company is a mutual company, in the assets of which the policyholders have an interest, they are disqualified; aliter, if the company is a stock company." Allstate Insurance Company being shown to be a stock company, we find no merit in Enumeration No. 28.

16. The 29th enumeration of error avers plaintiff has been deprived of her constitutional rights of due process and equal protection of the law under both federal and state constitutions by reason of her race, she being a black with a jury being composed entirely of whites. This alleged deprivation is based on the contentions that the defendant was negligent, that plaintiff was entitled to a verdict, and because of the various alleged errors set forth in the 28 enumerations of error. This constitu-

tional contention was not made prior to the selection of the jury and only after the adverse verdict. Accordingly, even if there were some basis it comes too late. In a civil case in the absence of an objection to the panel properly made before verdict a party waives his right and has no ground for complaint after verdict. *Felker v. Johnson,* 53 Ga. App. 390, 395 (186 SE 144); *Derryberry v. Higdon,* 116 Ga. App. 381 (157 SE2d 559); *Convair Furn. Mfg. Co. v. Bull,* 125 Ga. App. 141 (2) (186 SE2d 559).

It should be noted this court has undertaken to examine all enumerations of error totalling 29 even though 20 of those were attacks upon the trial judge's charge which were not entitled to such consideration because of failure to meet statutory requirements. Our examination of the lengthy transcript of the three-day trial and our study of the applicable law as to each enumeration of error has shown there is not a scintilla of race prejudice shown either by the trial judge or by the twelve jurors who undertook to comply with their oath to give a true verdict "according to the law as given you in charge, and the opinion you entertain of the evidence produced to you, to the best of your skill and knowledge, without favor or affection to either party." The charge was full and fair and impartially presented the correct rules of law upon the questions adjudicated. The ancient (Coke[1] upon Littleton, 226) Latin legalese has here been fulfilled: "veredictum, quasi dictum veritatis; ut judicium, quasi juris dictum" (a verdict is, as it were, the expression of truth; as a judgment is, as it were, the expression of the law).

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

---

[1]Sir Edward Coke (1552-1634), described in Encyclopedia Britannica as "the greatest common law lawyer of all time," was responsible for *Shelley's* Case (1 Rep. 94) the rule of which has since plagued law students. Recommended reading is the biographical volume entitled "The Lion and the Throne" by Catherine Drinker Bowen.

ARGUED MAY 24, 1972—DECIDED JULY 7, 1972—
REHEARING DENIED JULY 20, 1972—

*G. Seals Aiken,* for appellant.
*Henning, Chambers & Mabry, Edward J. Henning, Peter K. Kintz,* for appellee.