## 52046. SAMPLES v. GREENE.

MARSHALL, Judge.

This appeal was taken from a $23,400 jury verdict and judgment against Ms. Samples, defendant below, in favor of the plaintiff Joel Greene, a two-year-old child, arising out of an intersection collision occurring in Jesup, Georgia.

The two cars involved in the collision, one driven by Ms. Samples and the other by Joel's mother, Mrs. Greene, collided at an intersection controlled by a malfunctioning

traffic light which contributed to driver confusion on the part of both drivers. There was other evidence that both drivers were aware the light had not been working properly, that both may have been exceeding the posted speed limit, and that notwithstanding the known traffic hazard, neither driver exercised any special precaution in entering the intersection.

In the original petitions, complaint was made against two additional corporate defendants, both providers of electrical power. The original amended complaints alleged alternatively that the three defendants were jointly and severally negligent, the two companies for disrupting electrical power to the traffic light or changing the signal from a three position to a flashing one without giving appropriate notice and Ms. Samples for driving negligently under the driving conditions. The trial court subsequently granted summary judgment as to the two corporate defendants. *Greene v. Georgia Power Co.,* 132 Ga. App. 53 (207 SE2d 594). Appellant raises eight enumerations of error. *Held:*

1. The first error, enumerated as 2, 3 and 4, complains that appellant was denied the right of full and effective cross examination of appellee's mother, Mrs. Greene. Appellant sought to develop that in appellee's original complaints, the Greenes had alleged the two electrical companies were solely negligent and that this position at trial was different in that they there alleged appellant, Ms. Samples, was solely negligent. Appellant also sought to make that point in her closing argument. The trial court curtailed the tenor of the questioning and any argument that sought to show ultimate liability in the power companies but allowed appellant to examine fully on the condition of the red light as it may have contributed to the actions of the parties involved in the collision.

Appellee in his petitions never contended that appellant was not negligent or would be excused should one or both of the power company defendants be found as negligently causing the accident. Appellee simply exercised his right under the modern form of pleadings to allege negligence jointly and severally in three defendants. The trial court, in the exercise of its control

over the proper scope of cross examination, excluded the irrelevant issue of possible concurrent liability of other parties and interrupted appellant's counsel when the issue was pursued further after the court had ruled. The trial court has the discretion to control the extent or scope of cross examination within reasonable grounds, and exercise of this discretion will not be controlled unless it is abused. *Gordy v. Powell,* 95 Ga. App. 822, 827 (3) (99 SE2d 313). See also *Proctor v. State,* 235 Ga. 720, 726 (221 SE2d 556). These enumerations are without merit.

2. In her fifth enumeration appellant avers the trial court erred in allowing lay witnesses (relatives) to testify that the infant plaintiff experienced characterial and physical changes after the accident (i.e., was more unmanageable, feared sleeping alone in a bed, and experienced nose bleeds after the accident, which had never occurred before the accident). The witnesses were not allowed to give medical or expert opinions as to the causes of these changes. The court allowed only their observations. Thus the witnesses testified to facts, not opinions. The admission of this testimony was not error. *Gregory v. Ross,* 214 Ga. 306, 309 (104 SE2d 452); *Guaranty Life Ins. Co. v. Primo,* 37 Ga. App. 472, 473 (1 d) (140 SE 780).

3. The sixth enumeration dealing with a motion to amend the ad damnum during trial is without cognizable merit. The motion was withdrawn and no amendment allowed. Accordingly, the enumeration is rejected without further discussion.

4. In her seventh enumeration, appellant complains that four members of the jury exposed themselves to the accident scene during the progress of the trial thereby materially affecting the outcome of the verdict. There is no specific indication of what these jurors might have observed or how their passage through the accident scene might have affected the verdict. It is the uncontrovertible law of this state that statements of jurors or of third parties indicating that certain of the jurors may have acted on private knowledge or on matters not in evidence will not be received subsequent to trial to impeach or impugn a verdict nor does a superior court have the legal power to hear or receive such statements. *Reece v. State,*

208 Ga. 690 (69 SE2d 92); *Jordan v. Fowler,* 104 Ga. App. 824 (1) (123 SE2d 334); *Alley v. State,* 99 Ga. App. 322, 323 (5) (108 SE2d 282); *Askew v. Redwine Bros.,* 32 Ga. App. 540 (123 SE 906); *May v. City of Atlanta,* 9 Ga. App. 391 (71 SE 499). The enumeration is without merit.

5. Enumeration number 9 complains that the trial court failed to give the requested charge that the plaintiff Joel could not recover if his mother, the hostess driver, was solely and exclusively responsible for his injuries to the exclusion of appellant, Ms. Samples. The charge actually given highlighted the contentions of the parties, i.e., the hostess driver Mrs. Greene asserted that she was without negligence and the injuries were exclusively caused by Ms. Samples and the exact opposite was alleged by the defendant, Ms. Samples. The court also charged that the jury had to decide whether Ms. Samples' conduct was to any degree negligent and if so whether her negligence was in whole or in part the proximate cause of the child's injuries. Failing to find negligence by Ms. Samples and that such negligence was a proximate cause of the injuries, the jury was obligated to find for the defendant. The obvious import of this charge was that if the sole and exclusive cause of the accident and injury was the act of Mrs. Greene, the jury had to find for appellant. It is not error to refuse or fail to charge in the exact language requested, when the substance of the request is covered adequately and the proper principles of law are embodied in the general charge. *Continental Cas. Co. v. Union Camp Corp.,* 230 Ga. 8 (195 SE2d 417); *Maloy v. Dixon,* 127 Ga. App. 151 (193 SE2d 19). This enumeration likewise is without merit.

6. In her eighth enumeration of error, appellant contends the trial court erred in failing to find that the clerk of the lower court charged excessive costs against her on this appeal. She raised the issue by way of a "motion to review taxation of costs" filed with the lower court but only after she had filed her notice of appeal in the main case.

There are two impediments to a review of this enumeration. Appellant's dispute with the clerk is a problem collateral to the main case. The main case and the only case appealed lies between Joel Greene and Ms.

Samples. The dispute raised by this enumeration is between Ms. Samples and the Clerk of Wayne Superior Court, a person not a party to the case on appeal. Only parties to the proceeding below may be parties on appeal. See Ga. L. 1973, pp. 303, 304 (Code Ann. § 6-802). While a legally joined issue pertaining to excess costs between the appellant in this case and the Clerk of Wayne Superior Court might be cognizable by this court in an appropriate case, the complaint raised in the eighth enumeration is not properly a part of the case now before us. See *Holland v. Froklis,* 89 Ga. App. 768 (81 SE2d 317).

Additionally, we observe that appellant filed her notice of appeal to the final judgment of the trial court on December 5, 1975. The motion to review alleged excess costs was not filed with the trial court until December 17, 1975. The main case was docketed in this court on February 3, 1976. The order of the trial court denying the grant of relief on excess costs was not filed in the trial court until February 6, 1976.

Under Ga. L. 1965, pp. 18, 22 (Code Ann. § 6-1002), the filing of notice of appeal to the final judgment on December 5, 1975, served as a supersedeas. In legal contemplation this court acquired jurisdiction of the case and any further action by the court below was coram non judice and void. *Jackson v. Martin,* 225 Ga. 170, 172 (167 SE2d 135). See also *Allied Productions, Inc. v. Peterson,* 233 Ga. 266, 267 (211 SE2d 123); *Kiser v. Kiser,* 214 Ga. 849, 852 (108 SE2d 265); *D. P. v. State of Ga.,* 129 Ga. App. 680, 681 (1) (200 SE2d 499). The matter not properly being before us in this case, we decline to consider this enumeration.

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

ARGUED ARRIL 8, 1976 — DECIDED MAY 14, 1976 — REHEARING DENIED MAY 28, 1976 — ▮

*W. Ward Newton,* for appellant.
*Alvin Leaphart,* amicus curiae.
*Zorn & Royal, William A. Zorn,* for appellee.