## 66549. LOZYNSKY v. HAIRSTON.

BANKE, Judge.

The plaintiff brought this action seeking damages for injuries sustained in a motor vehicle collision. This is an interlocutory appeal from the grant of the plaintiff's motion for new trial following a jury verdict for the defendant.

The order appealed from was predicated upon the affidavit of one juror to the effect that he had visited the scene of the collision during an overnight recess and made measurements of the scene which he felt were more accurate than those provided during the trial. The juror further disclosed that he had shared this information with other jurors. During the hearing on the motion for new trial, the trial court also heard evidence that another juror had shared with fellow jurors his opinions and knowledge concerning the length of a Volkswagen and the width of a state highway. *Held:*

"It is the uncontrovertible law of this state that statements of jurors or of third parties indicating that certain of the jurors may have acted on private knowledge or on matters not in evidence will not be received subsequent to trial to impeach or impugn a verdict nor does a superior court have the legal power to hear or receive such statements." *Samples v. Greene,* 138 Ga. App. 823, 825 (227 SE2d 456) (1976). "As a matter of public policy, a juror cannot be heard to impeach his verdict, either by way of disclosing the incompetency or misconduct of his fellow-jurors, or by showing his own misconduct or disqualification from any cause." *Swift v. S. S. Kresge Co.,* 159 Ga. App. 571 (1) (284 SE2d 74) (1981). See also OCGA § 9-10-9 (former Code Ann. § 110-109); *Firestone Tire &c. Co. v. Pinyan,* 155 Ga. App. 343 (1) (270 SE2d 883) (1980); *Central of Ga. R. Co. v. Nash,* 150 Ga. App. 68 (3) (256 SE2d 619) (1979). The only exception to the firm application of this rule that we have discovered is that set out in *Watkins v. State,* 237 Ga. 678 (229 SE2d 465) (1976), which was

clearly based on protections provided a criminal defendant by the Sixth Amendment to the United States Constitution. Such exception is not applicable in this case.

*Judgment reversed. Deen, P. J., concurs in the judgment only. Carley, J., concurs specially.*

DECIDED SEPTEMBER 14, 1983 —
REHEARING DENIED OCTOBER 4, 1983.

*Michael J. Gorby, Jerry A. Lumley,* for appellant.
*George P. Graves,* for appellee.

CARLEY, Judge, concurring specially.

This case presents a situation wherein the principle of law requiring that jurors make their decision solely upon the evidence adduced at trial conflicts directly with the principle of law that a juror may not be heard to impeach his own verdict. Unfortunately, the cases seem to inflexibly declare that the former must yield to the latter. In my opinion, this is especially perplexing in the case at bar because, unlike any of the previous decisions which I have been able to find, the trial judge in this case *granted* the motion for new trial. However, since the trial court granted the motion on a special ground, we have no alternative but to review the enumerations of errors of law. *Smith v. Telecable of Columbus,* 238 Ga. 559 (234 SE2d 24) (1977). Also, the misconduct of the jurors in this case was, in my opinion, egregious and in all probability greatly affected the deliberations and verdict of the jury. Nevertheless, after thorough research and study I can find no basis for an applicable exception to the proscription of impeachment of a verdict by jurors and, therefore, I am constrained to concur with the majority.

Appellee has raised one argument in support of the trial court's grant of the motion for new trial which is not discussed in the majority opinion and which I believe should be addressed, although the case law seems to require that this contention also be resolved adversely to the appellee. In this connection, appellee points out that, in addition to the affidavit of one juror and the testimony of another, the trial court also had before it the affidavit of the attorney to whom the remarks concerning juror misconduct were made. Thus, appellee asserts that the trial court could have based its finding of juror misconduct upon adequate competent evidence which was untainted by the jurors' attempt to impeach their own verdict. "[This] evidence was entirely hearsay, and purported to be the sayings of a juror whose verdict movant sought to set aside . . . 'if a verdict may not be

impeached by an affidavit of one or more of the jurors who found it, certainly it cannot be impeached by affidavits from third persons, establishing the utterance by a juror of remarks tending to impeach his verdict. The affidavit of [an attorney] that some of the jurors told him the verdict was caused by [misconduct] furnishes no cause to set it aside.'" *Ward v. Morris, administrator,* 159 Ga. 526 (126 SE 291) (1924). Accordingly, I believe that we have no alternative but to reverse the trial court's grant of appellee's motion for new trial.