71483. BAGLEY et al. v. CITY OF ALMA.
(343 SE2d 740)

BENHAM, Judge.

This is an appeal by a condemnee from the judgment entered in his appeal from the award of the special master.

1. Appellee introduced into evidence a map designated "FIA FLOOD HAZARD BOUNDARY MAP." It was admitted over appellant's objection that the map had not been properly authenticated.

While proper authentication of a map is the preferred route for admission of the map into evidence (see *Parker v. Smith*, 66 Ga. App. 567 (2) (18 SE2d 559) (1942)), unauthenticated maps may be admitted by stipulation or agreement or, in the absence of such agreement, may be admitted for a limited purpose and with appropriate limiting instructions. In addition, a map which has not been authenticated is admissible when proved to be correct, and the testimony proving the correctness of the map need not come from the preparer of the map so long as the witness has had an opportunity to know whether it is correct. *Bunger v. Grimm*, 142 Ga. 448 (5) (83 SE 200) (1914).

The witness during whose testimony the map was introduced was not competent to authenticate the map, but he was able to testify concerning its correctness. He testified that he was a surveyor, that he

was familiar with the property from his previous work during a survey for a dam project, and that he had recently made personal observations and measurements on the land involved. Based on that background, he testified that the depiction on the map of flood hazard levels coincided with his own personal observations. Under those circumstances, there was no error in admitting the map into evidence. Id.

2. In appellant's second enumeration of error, he complains of testimony by an appraiser for the condemnor to the effect that he had raised his estimate of the value of appellant's property after he learned that access would be provided to part of appellant's property which would be cut off from the rest after the taking. Appellant relies on *Merritt v. Dept. of Transp.*, 147 Ga. App. 316 (1) (248 SE2d 689) (1978), rev'd on other grounds, 243 Ga. 52 (252 SE2d 508) (1979), for the proposition that consequential benefits to remaining property may be shown only as an offset against consequential damages, and argues that since there was no evidence of consequential damages, the admission of testimony concerning consequential benefits requires reversal. We agree with the proposition stated in *Merritt*, but find it inapplicable to the present case.

First, the testimony was not directed, as appellant alleges, to the land remaining after the taking, but to the property as a whole. Thus, it was not directly applicable to the issue of consequential benefits to the remainder. Second, contrary to appellant's assertion, there was evidence of consequential damages: appellant's counsel, on cross-examination of the same witness, elicited testimony to the effect that the division of appellant's land would constitute at least an inconvenience. Finally, appellant's objection to this testimony in the trial court was that the witness was not using a proper measure of value or proper appraisal techniques. "A reason urged that evidence should not have been admitted will not be considered on appeal unless the reason was urged below. [Cit.]" *Argonaut Ins. Co. v. Head*, 149 Ga. App. 528 (3) (254 SE2d 747) (1979). The second enumeration presents no basis for reversal.

3. The trial court sustained objections to the testimony of two of appellant's value witnesses, one expert and one non-expert, ostensibly concerning the basis for their opinions of value. In his third enumeration of error, appellant asserts that the trial court's restriction on his witnesses' testimony was reversible error.

Appellant relies on *Wallace v. State*, 204 Ga. 676 (51 SE2d 395) (1949), for the proposition that a non-expert witness must state the facts on which his opinion is based, and on *White v. Ga. Power Co.*, 237 Ga. 341 (227 SE2d 385) (1976), overruled on other grounds, *DeKalb County v. Trustees, &c. Elks*, 242 Ga. 707 (251 SE2d 243) (1978), for the proposition that an expert witness must be permitted

to state the facts on which his opinion is based. Unfortunately, those cases have no application to the present case. The testimony which appellant attempted to elicit from his witnesses was not factual; it constituted conclusions of law concerning rights under a deed. " 'As a general rule, a witness may not state a conclusion of law.' [Cit.]" *Barnett v. First Fed. &c. Assn.*, 169 Ga. App. 396 (3) (313 SE2d 115) (1984). Neither of appellant's witnesses had been qualified as an expert competent to make the conclusions sought. Compare *Stewart v. State*, 246 Ga. 70 (4a) (268 SE2d 906) (1980). Since appellant's witnesses were not prevented, as appellant contends, from testifying to the *facts* on which their opinions were based, this enumeration of error is without merit.

4. Finally, appellant contends that the trial court erred at the hearing on appellant's motion for new trial by refusing to admit testimony from two jurors impeaching their verdict. We find no error: jurors may not be heard to impeach their verdicts. *Lozynsky v. Hairston*, 168 Ga. App. 276 (308 SE2d 605) (1983). The exception made in *Watkins v. State*, 237 Ga. 678 (229 SE2d 465) (1976), is "based on protections provided a criminal defendant by the Sixth Amendment to the United States Constitution. Such exception is not applicable to this case." *Lozynsky*, supra at 277.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 13, 1986 —
REHEARING DENIED APRIL 1, 1986 — ▮▮▮▮▮▮

*Thomas E. Pujadas*, for appellants.
*Jimmy J. Boatright*, for appellee.