**Robert A. CONLIFF, Jr., Plaintiff in Error,**

**v.**

**Mary HALL, Defendant in Error.**

**No. 37220.**

Supreme Court of Oklahoma.
Dec. 26, 1956.
Rehearing Denied Jan. 22, 1957.

John B. Ogden, Oklahoma City, for plaintiff in error.

. McKinney & McKinney, Oklahoma City, for defendant in error.

CORN, Justice.

The plaintiff, Mary Hall, sued the defendant, Robert A. Conliff, Jr., alleging in her first amended petition, in part:

"That the defendant, Robert A. Conliff, Jr., and this plaintiff, on the 26th day of October, 1952, made and entered into an oral contract to marry, and said defendant then and there promised and agreed to marry plaintiff on or before the 1st day of January, 1953, at Oklahoma City, Oklahoma, in consideration of plaintiff then and there agreeing and promising to marry the defendant.

"Said plaintiff, confiding and relying on said promise of the defendant, has been ever since said date hereinabove first set out, ready and willing, and is now ready and willing, to marry said defendant; but that said defendant, though often requested to perform and fulfill his contract to marry, has neglected, failed and refused to marry plaintiff. ·

\* \* \* \* \* \*

"That by reason of the neglect of the defendant, his failure and refusal to live up to his contract the plaintiff has been damaged in the sum of Twelve Hundred Ninety ($1290.00) Dollars for loss of her furniture, One Hundred Three & 10/100 ($103.10) Dollars for fare to Oklahoma City, Six Hundred Forty-Eight ($648.00) Dollars for loss of salary up to and including the month of January, 1953, the sum of One Thousand ($1,000.00) Dollars for medical and hospital expenses incurred and to be incurred in the future; the sum of Fifteen Thousand ($15,000.00) Dollars for pain and suffering caused by the illness caused by the defendant, and the sum of Twenty-five Thousand ($25,000.00) Dollars as punitive damages, for all of which she prays judgment against the defendant in the total amount of Forty-three Thousand Forty-one & 10/100 ($43,041.10) Dollars, and for costs and other proper relief."

The answer of the defendant was a general denial. The case was tried to a jury, and it returned the following verdict:

"We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find for the plaintiff, and fix the amount of her recovery at $1,393.10 actual damages; and $1.00 punitive damages."

For reversal of the judgment the defendant presents the following assignments of error:

"1. The court erred in overruling the motion to make more definite and certain and the motion to strike.

"2. The court erred in overruling the demurrer of the defendant.

"3. The court erred in admitting certain incompetent and prejudicial evidence.

"4. The court erred in failing to declare a mistrial on account of misconduct of counsel.

"5. The court erred in overruling the motion of the defendant for an instructed verdict."

In the motion to make more definite and certain the defendant states:

"Comes now the defendant, Robert A. Conliff, Jr., and moves the Court to require the plaintiff to make her amended petition more definite and certain by stating where the contract was entered into; that is, in what State the same was consummated, whether in the State of Oklahoma or in the State of Georgia.

"This defendant further moves the Court to require the plaintiff to set out what furnishings or property she sold, to who whom sold, and the date thereof.

"This defendant further moves the Court to require the plaintiff to set out and make more definite and certain what act or acts, and in what manner or way such act or acts, caused the plaintiff to become ill and caused her to run a high temperature, as alleged on page two of said amended petition; and in what way the acts of the defendant caused the plaintiff to become progressively ill, lose weight, become nervous and tense, and in what manner or way the defendant aggravated her previous illness; and to attach to the petition, or itemize, the medical and hospital bills and the dates incurred, as mentioned or set out on the last page of the said amended petition; and to itemize the $1,000.00 medical and hospital bill incurred as mentioned in the last paragraph of the said amended petition."

The only item of damage submitted to the jury was $1,290 loss on her furniture; $103.10 transportation and punitive damages. So that leaves the objections to make more definite and certain going only to the furniture.

It would, perhaps, have been better practice if the trial court had required the plaintiff to amend the petition by interlineation or otherwise so as to conform to the motion. However, the record reflects that the defendant had, shortly before the date of the sale, visited in plaintiff's home several times, and saw the furniture and when questioned about it on trial, testified as follows:

"Q. Did you know, that at Atlanta, Georgia, she had sold what furniture she had? A. Yes.

"Q. And did you know what furniture she had? A. Yes, I knew what furniture she had.

"Q. Very nice furniture, was it? A. Very nice.

"Q. Her apartment was very nicely furnished, was it? A. Very nicely furnished."

Plaintiff stated in her petition that defendant requested her to immediately sell and dispose of or give away her furnishings in order that she could come to the defendant immediately. Where a defendant is charged with notice of what he is required to defend against, it is not an abuse of discretion to overrule his motion to make more definite and certain. Plaintiff, in her petition, stated her household furnishings were valued at $1,500 and that she sold them for $210. By these allegations defendant knew he had to defend against the difference in value and what plaintiff received for the furniture.

In Griffin Grocery Co. v. Scroggins, 145 Okl. 9, 293 P. 235, we held in syllabus 1:

"A motion to make petition more-definite and certain is addressed to the sound discretion of the court, and a ruling thereon, in the absence of an abuse of such discretion that results prejudicially to the party complaining, will not be disturbed."

We are inclined to the view that the trial court did not err in overruling said motion as no prejudice is shown in the record.

The next assignment of error by the defendant is that the trial court erred in overruling his demurrer to the petition. We

have examined the amended petition with care and have set forth herein the part of the petition his general demurrer attacked, and while it may not be a model petition, we believe, under the rules to be applied in passing on such a demurrer, the trial court did not err in overruling the same.

Objections raised in assignment of error, No. 3, goes almost solely to the items of damages alleged in the petitions that were not submitted to the jury. However, from an examination of the entire evidence in the case we are of the opinion that it did not prevent the defendant from having a fair trial as to the items submitted to the jury by the instructions of the court.

■ The defendant also contends in assignment of error No. 4, that the court erred in failing to declare a mistrial on account of misconduct of counsel. Before we discuss this assignment we will briefly give some of the plaintiff's testimony. She testified that she lived in Atlanta, Georgia, in a rented apartment; owned her own furniture; had been married, but was divorced from her former husband; was employed, receiving $340 per month salary; she first saw the defendant when he came to her apartment, introduced himself and as she had received word from a friend that he was coming to Atlanta to visit relatives, she invited him in; that he spent the evening and every other evening except one with her while he was in Atlanta, which was about two weeks. She said the proposition of marriage was discussed, and he said she was the type of person he wanted for his wife, that he needed a wife to help put his little girl through school. That after he returned to Oklahoma he wrote her 41 letters which were introduced in evidence, dated the first August 17, 1952, and the last October 29, 1952. From the tone of these letters it appeared he was very much in love with her.

She further testified that he called her over long distance telephone and said, "come on out and we will get married", and I said, "Bob, I will be practically broke

when I get there, will have to go to work", and he said, "No, you won't. We will get married right away."

"Q. And, did you agree with him to come out here? A. I agreed to come out here, I did.

"Q. And, you agreed with him at that time that you would marry him when you got here? A. I definitely did.

"Q. Did you have any further discussion about the furniture and giving up the apartment? A. Yes.

"Q. All right. Just tell the court and jury what that conversation was?

*    *    *    *    *    *

"If you have to give your furniture away, do that and come to Oklahoma City."

She testified that she told the defendant that she would be practically broke when she got here. The attorney representing her was trying to bring out by her, while she was on the witness stand, that she had gone to the Veterans Hospital to get work because she was broke. The attorney representing the defendant kept objecting to the part of the question that she was broke, and her attorney said, "Now, Mr. Ogden knows that this girl was brought here by this man—and he would not give her five cents—." It was not proper for the attorney to make such a statement in the presence of the jury, but as it already had been informed as to her financial condition, we feel it is at least harmless error.

Plaintiff further testified that when she arrived in Oklahoma City she was met at the air depot by the defendant, who took her to the hotel; that he had a nice little room there; that she stayed there two nights, and then he moved her to the home of his secretary, and she was to stay there until they were married.

■ Assignment of error No. 5, sets forth the court erred in denying the defendant's motion for an instructed verdict. We have examined the evidence and find it is

 

sufficient under the evidence rule; that this court will not disturb the judgment of the trial court based on a jury verdict if there is any evidence reasonably tending to support the same.

There is a sharp conflict in the evidence in this case. It was the duty of the jury to decide which testimony was true, and having done so, and being approved by the trial court, we are not in a position to say the judgment is not correct.

The statute of Oklahoma fixing the remedy for breach of promise to marry, 23 O.S.1951 § 40, is as follows:

"The damages for the breach of a promise of marriage rest in the sound discretion of the jury."

This section has been construed only a few times by this court. In the case of Waddell v. Wallace, 32 Okl. 140, 121 P. 245, 247, this court quoted from Bishop on Marriage and Divorce, Secs. 228–229, as follows:

" 'Under a general allegation of damages, plaintiff may recover, not only an idemnity for pecuniary loss and the disappointment of reasonable expectations of an advantageous settlement in life, but also compensation for injury to feelings and affections and mortification undergone.' 5 Cyc. p. 1009, and authorities therein cited, and 4 Am. & Eng. Enc. of Law (2d Ed.) pp. 896–898, and authorities therein cited."

12 O.S.1951 § 78, provides:

"Immaterial errors to be disregarded.—The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, DAVISON, BLACKBIRD and JACKSON, JJ., concur.

HALLEY, J., concurs in result.