## 46484.   LEONARD v. OWEN.

DEEN, Judge. 1. If a paper calculated to influence a jury in favor of the prevailing party which was not introduced in evidence goes to and is considered by them while deliberating as to their verdict, it is cause for a new trial. *Ga. Pacific R. Co. v. Dooley,* 86 Ga. 294 (12 SE 923, 12 LRA 342); *Shedden v. Stiles,* 121 Ga. 637, 640 (49 SE 719). In this breach of promise action, where the plaintiff claimed special damages which included, among other things, money advanced by her to the defendant, 45 checks signed by her, some of which were made out to defendant, some to "cash" and some to "Green Acres" were allowed to go to the jury room although only six had been introduced in evidence. We must therefore presume, in the absence of anything to the contrary, that they were available to, probably examined by, and quite possibly influential in the determination of a verdict for the plaintiff which included both general and special damages. While some of these checks were identified by oral testimony, others were not. It was held in *McCowen v. Aldred,* 88 Ga. App. 788 (2b) (78 SE2d 66), that the gen-

eral practice in this State is that counsel making the concluding argument furnish the essential papers to the jury, and the presumption that this practice was followed was there indulged against an appellant plaintiff. Here the defendant is the appellant and it does not appear that the defendant knew the checks had been sent out, or had any part in sending them out, or that the jury did not in fact consider them. We think the error of sufficient importance to justify the grant of a new trial.

2. As to the plaintiff's marriage status, it appears only that she had been previously married and that she was divorced at the time of the trial. Whether or not she was divorced in March of 1968 when she testified that she accepted the defendant's proposal of marriage does not appear. This is an essential element of the plaintiff's case, since she could not have entered into a legal contract to marry unless the divorce had been procured prior to that time. While there is a presumption that a state once proved to exist so continues until it is shown by other evidence to have changed, the presumption does not work in reverse, and proof that a state of facts exists at the time of trial does not raise the presumption that it existed at some former time. *McCluskey v. American Oil Co.*, 224 Ga. 253, 254 (161 SE2d 271). The plaintiff thus failed to prove an essential element of her case.

3. The fact that the defendant was married at the time of the proposal does not bar the action if unknown to the plaintiff. While the evidence on this point was disputed, the jury was authorized to believe the plaintiff's testimony that she acted on assurances from the defendant that he was divorced, and had no facts at hand putting her on notice that these statements were false. Nor does the fact that after discovering the truth she continued to have relations with the defendant for a period of approximately a year absolutely bar her right of action, although it may be considered in mitigation of damages. Waddell v. Wallace, 32 Okl. 140 (121 P 245, AC 1914A 692).

4. Enumerations of error relating to the charge of the court are not before us for review since no objections were made at the time.

*Judgment reversed. Bell, C. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 8, 1971—DECIDED OCTOBER 21, 1971—
REHEARING DENIED NOVEMBER 16, 1971.

*Melton, McKenna & House, Andrew W. McKenna,* for appellant.

*Nixon & Nixon, John P. Nixon,* for appellee.

