77172. PIE NATIONWIDE, INC. et al. v. PRICKETT.
(374 SE2d 837)

CARLEY, Judge.

Appellee-plaintiff brought suit against appellants-defendants, seeking to recover for property damage that was incurred as the result of a traffic incident. The initial trial of the case resulted in a jury verdict in favor of appellants. After the jury had been dismissed, but prior to the entry of judgment, however, appellee notified the trial court of the possible occurrence of juror misconduct. Thereupon, the jury and counsel were recalled by the trial court for the purpose of conducting a hearing into the alleged misconduct. During the course of this hearing, only the members of the jury were called to testify. As a result of this hearing, the trial court, on appellee's motion, declared a mistrial. The subsequent retrial of the case resulted in a jury verdict in favor of appellee. Appellants bring this appeal from the judgment entered by the trial court on the jury verdict returned after the retrial.

In their sole enumeration, appellants urge that the trial court's declaration of a mistrial as to the original proceedings was erroneous.

The trial court's declaration of the mistrial was based entirely upon the testimony of the original jurors, which testimony was impeaching of the verdict that they had returned. "The affidavits of jurors may be taken to sustain but not to impeach their verdict." OCGA § 9-10-9. This prohibition against the impeachment by a juror of his verdict extends to oral testimony offered at a hearing. *Bissell v. State*, 153 Ga. App. 564, 567 (3) (266 SE2d 238) (1980). See also *Lozynsky v. Hairston*, 168 Ga. App. 276 (308 SE2d 605) (1983); *Pinkston v. Hagin*, 157 Ga. App. 2 (1) (276 SE2d 67) (1981); *Rylee v. State*, 28 Ga. App. 230, 231 (3) (110 SE 749) (1922). " 'As a matter of public policy, a juror cannot be heard to impeach his verdict, either by way

of disclosing the incompetency or misconduct of his fellow-jurors, or by showing his own misconduct or disqualification from any cause.' " *Swift v. S. S. Kresge Co.*, 159 Ga. App. 571, 572 (1) (284 SE2d 74) (1981). Appellee relies upon *Leonard v. Owen*, 125 Ga. App. 5 (186 SE2d 506) (1971) as authority which supports the trial court's grant of his motion for mistrial. However, there is nothing in *Leonard v. Owen*, supra, which would indicate that the jurors therein were permitted to impeach their verdict or which would support the proposition that a trial court is authorized to grant a mistrial based solely upon such impeaching testimony.

Appellee further urges that appellants have waived their right to enumerate the trial court's declaration of a mistrial as error. In the trial court, appellants did fail to object or except to the ruling or to the proceedings which produced it. However, "the trial judge has no power to receive, hear, or consider affidavits of jurors submitted for the purpose of impeaching their verdict, *though submitted without objection.* [Cit.] That a juror will not be heard to impeach his verdict is too plain to be misunderstood by the bench or the bar." (Emphasis supplied.) *Wellbeloved v. Wellbeloved*, 209 Ga. 709, 711 (4) (75 SE2d 424) (1953). See also *City Council of Augusta v. Hudson*, 94 Ga. 135 (6) (21 SE 289) (1894). Likewise, appellants' failure to appeal immediately is not a waiver of their current right to enumerate the trial court's declaration of a mistrial as error. The grant of a mistrial is not a final order. *Nickles v. State*, 86 Ga. App. 284 (1) (71 SE2d 574) (1952). Appellants were not required to seek an immediate interlocutory appeal and, a final order having since been entered in the case, they now have the right to secure an appellate review of the ruling. See OCGA § 5-6-34 (a); *Goolsby v. Allstate Ins. Co.*, 130 Ga. App. 881, 883 (2) (204 SE2d 789) (1974).

" ' "Ordinarily motions for mistrial because of improper conduct of jurors or parties are addressed to the sound discretion of the trial judge." [Cit.] 'Unless there is an abuse of discretion concerning the trial court's ruling on alleged improper juror conduct, the appellate court will not upset the trial judge's determination. [Cit.]' [Cit.]" *Sawnee Elec. &c. Corp. v. Thompson*, 168 Ga. App. 511, 512-513 (1) (309 SE2d 809) (1983). See also *Sepulvado v. Daniels Lincoln-Mercury*, 170 Ga. App. 109, 112 (6) (316 SE2d 554) (1984). In the present case, however, the trial court granted a motion for mistrial based solely upon evidence which it had "no power to receive, hear, or consider. . . ." *Wellbeloved v. Wellbeloved*, supra at 711 (4). Accordingly, we hold that the trial court did abuse its discretion in declaring the mistrial because the jurors' testimony afforded the trial court no basis upon which its discretion could be exercised. The judgment entered by the trial court on the second verdict is therefore reversed, and the case is remanded for the entry of a judgment on the initial

jury verdict. When the trial court has entered final judgment on the initial jury verdict, the losing party will then be free to file a notice of appeal or appropriate motions in the trial court within the statutorily specified period.

*Judgment reversed and case remanded with direction. Sognier, J., concurs. Deen, P.J., concurs dubitante.*

DECIDED OCTOBER 31, 1988.

*Kenneth P. McDuffie*, for appellants.
*Russell D. Waldon*, for appellee.