## A98A0100. RIDDLE v. BEKER et al.
(501 SE2d 893)

SMITH, Judge.

At the trial of this medical malpractice case, the jury found in favor of defendants Herschel I. Beker, M.D., and North Fulton Orthopaedic Clinic, P.C. In three interrelated enumerations of error, plaintiff Dorothy Riddle appeals the denial of her motion for a new trial on the ground of juror misconduct. Finding no error, we affirm.

According to Riddle's motion for new trial, the forewoman of the jury committed misconduct by fabricating a nonexistent instruction from the trial court. At the motion hearing, counsel for Riddle stated that other jurors were available to testify to this alleged misconduct. The trial court granted defendants' motion in limine seeking to bar any juror testimony impeaching the verdict. Riddle does not appeal or enumerate as error the order granting defendants' motion in limine. As a result, the exclusion of the jurors' testimony is not before us, and the only testimony in the record is the affidavit of the forewoman categorically denying Riddle's allegations.

Even if Riddle had preserved the issue of the admissibility of the other jurors' testimony, however, it must be resolved against her. A long-standing principle of Georgia law provides that "affidavits of jurors may be taken to sustain but not to impeach their verdict." OCGA § 9-10-9. This prohibition includes oral testimony offered at a hearing. *PIE Nationwide v. Prickett*, 189 Ga. App. 77 (374 SE2d 837) (1988) (physical precedent only, but cited with approval in *Fidelity Nat. Bank v. Kneller*, 194 Ga. App. 55, 59 (390 SE2d 55) (1989)).

Riddle relies almost exclusively on criminal appeals[1] to argue that this rule should not be applied here. Certain limited exceptions have been noted to the general rule barring jurors' impeachment of their verdict, "where extrajudicial and prejudicial information has been brought to the jury's attention improperly, or where non-jurors have interfered with the jury's deliberations. [Cit.]" *Spencer v. State*, 260 Ga. 640, 643 (3) (398 SE2d 179) (1990). These exceptions, however, apply only in "certain very limited occasions where human life or liberty sways in the balance. But such compelling personal interests of life and liberty rarely are at issue in civil litigation and are not so at issue in this case." *Perryman v. Rosenbaum*, 205 Ga. App. 784, 787 (423 SE2d 673) (1992). See also *Bagley v. City of Alma*, 178 Ga. App. 474, 476 (4) (343 SE2d 740) (1986).

---

[1] The only possible exceptions are several cases cited for general propositions of law, a number of federal decisions, and *Perryman v. Rosenbaum*, 205 Ga. App. 784 (423 SE2d 673) (1992), which Riddle attempts to distinguish. Riddle also cites an 1893 Indiana Court of Appeals decision stating a general rule as to communications between a judge and jury; Riddle did not provide the Court with a copy of this opinion, and it is not controlling authority in any event.

Even if we were to apply these exceptions to a civil action, this case does not involve "extrajudicial information" within the meaning of the criminal decisions cited by Riddle. The misconduct alleged by Riddle is unlike that in *Steele v. State*, 216 Ga. App. 276 (454 SE2d 590) (1995), disapproved on other grounds, *Kennebrew v. State*, 267 Ga. 400, 404, n. 2 (480 SE2d 1) (1996), in which a juror made use of information copied from a home encyclopedia; or in *Watkins v. State*, 237 Ga. 678, 683-685 (229 SE2d 465) (1976), in which two jurors visited the crime scene and communicated their observations to other jurors. Here, Riddle alleges that a juror *falsely* stated she had received a written instruction from the judge. If no such instruction existed, as Riddle claims, there was no extrajudicial information as the allegedly false statement originated with the juror. A verdict cannot be impeached "on the basis of statements made to one another in the jury room and the effect of those statements on the minds of the individual jurors." (Citations and punctuation omitted.) *Williams v. State*, 252 Ga. 7, 8 (310 SE2d 528) (1984). Conversely, if the trial court did instruct the jury, such an instruction would not constitute extrajudicial information even if otherwise improper.[2] The misconduct alleged by Riddle therefore does not fall within this exception.

As Riddle correctly notes, "[m]otions for new trial because of improper conduct of jurors or parties are addressed to the sound discretion of the trial judge. Unless there is an abuse of discretion, the appellate court will not upset the trial judge's determination." (Citations and punctuation omitted.) *Bean v. Landers*, 215 Ga. App. 366, 367 (450 SE2d 699) (1994). Under the evidence presented here, Riddle has failed to demonstrate an abuse of discretion sufficient to overturn the trial court's denial of her motion for new trial.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MAY 1, 1998 — ■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■

*William G. Hasty, Jr., Patricia B. Ball*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Leslie B. Zacks*, for appellees.

---

[2] We do not reach the separate issue of defendant's right to be informed of communications between the trial court and the jury. See *McBride v. State*, 213 Ga. App. 857, 861 (11) (446 SE2d 193) (1994) (full concurrence on Division 11). Although the trial court noted that the trial transcript would resolve the question of such an instruction's existence, Riddle has not transmitted this portion of the record.