## A00A1264. GANN v. THE STATE.
(538 SE2d 97)

RUFFIN, Judge.

Joshua Daniel Gann was convicted of armed robbery and false imprisonment. On appeal, he contends that the trial court erred by refusing to give curative instructions after the jury saw him in handcuffs and by making improper comments during defense counsel's questioning of a witness. We find these contentions without merit, and we affirm.

1. After the jury was selected but before opening statements, defense counsel told the court that "the defendant informed us the jurors saw him outside in the hallway in handcuffs and we would ask for some sort of instruction as to his guilt." The judge responded that

> I believe there are cases that say the fact the defendant may be in custody at the time of trial, if that's known to the jury, that that is not any sort of problem, especially if it is a serious charge. The jurors might expect a defendant to be in custody on a serious charge.

Defense counsel then stated, "I just wanted to bring that to the Court's attention," and did not press the matter any further. The judge then gave the jury its preliminary charge, instructing it, among other things, that the defendant had pled not guilty, that the burden was always on the State to prove the essential elements of the indictment beyond a reasonable doubt, and that the jury was to decide the case only on the evidence presented in open court.

On appeal, Gann argues that the trial court erred in refusing to give his requested curative instructions. However, Gann's attorney did not request any particular instruction, but simply asked for "some sort of instruction as to his guilt." After the trial court stated that it did not believe there was a problem, Gann's attorney did not press the matter or ask for a formal ruling on his request for a curative instruction. The trial court then proceeded to give its standard preliminary charge, portions of which arguably addressed Gann's vague request. Gann never expressed any dissatisfaction with these instructions or any desire that the court go any further. Having failed either to request any specific instructions, to insist on a ruling on his request for curative instructions, or to object to the instructions given, Gann cannot now complain that the court did not satisfy his unstated desire for a different or more specific instruction.[1]

---

[1] See generally *Cobb v. State*, 236 Ga. App. 265, 269 (3) (b) (511 SE2d 522) (1999) (defendant cannot acquiesce in ruling and then complain on appeal); *Billups v. State*, 234 Ga. App. 824, 829 (3) (507 SE2d 837) (1998) (defendant waived right to challenge adequacy

2. Gann also contends that certain comments made by the judge during defense counsel's examination of a witness violated OCGA § 17-8-57 by suggesting the judge's opinion as to the evidence. "Where the trial judge is alleged to have made a prejudicial remark during the course of the trial in violation of OCGA § 17-8-57, an objection or motion for mistrial must be made in order to preserve the issue for appeal."[2] Because Gann made no such objection or motion for mistrial, this enumeration is without merit.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 2, 2000.

*Mitchell D. Durham*, for appellant.

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.

---

of curative instruction by failing to object after instruction given).

    [2] (Punctuation omitted.) *Lucas v. State*, 197 Ga. App. 347 (1) (398 SE2d 417) (1990). See also *Crowe v. State*, 265 Ga. 582, 594 (19) (458 SE2d 799) (1995).