## A02A2003. ECONOMIC EXTERMINATORS OF SAVANNAH, INC. v. WHEELER et al.
(576 SE2d 601)

JOHNSON, Presiding Judge.

In 1993, Helen and Craig Wheeler bought a house. Economic Exterminators of Savannah, Inc. inspected the house for termite damage. Economic found that there were termites on the front porch and the fireplace, but that the damage to those areas was minimal so no repair was needed. Economic treated the areas to eliminate the infestation and reported to the Wheelers that further inspection was unnecessary. Economic issued the Wheelers a $250,000 warranty for termite damage repair.

Several times between 1994 and 1999, the Wheelers reported the discovery of insects to Economic. And on at least three of those occasions, Economic found termites and treated the areas of the house where they were found. In 1999, a contractor working at the Wheelers' house discovered live termites and termite damage in the garage. Subsequent investigation revealed termites and damage throughout the house. The Georgia Department of Agriculture inspected the house and found that it had not been properly treated for termites. After the termite damage was found at the Wheelers' house, Economic prepared a new warranty which provided only for the retreatment of the house and did not include the repair of termite damage.

The Wheelers sued Economic for fraud and for the damage to their house. The case was tried before a jury, which returned a verdict awarding the Wheelers $117,411 for repair costs, $11,166 for general damages, $60,833 for attorney fees, and $11,718 for litigation expenses. The trial court entered judgment on the verdict. Economic appeals from the judgment.

1. Economic argues that the jury's award of general damages in addition to the award for repair costs is improper because the sole injury claimed by the Wheelers was damage to their house. The argument is without merit because, contrary to Economic's assertion, the Wheelers claimed more than just damage to their house.

The Wheelers' complaint, as well as the pretrial order signed by attorneys for the Wheelers and Economic, both include the Wheelers' claims of fraud and a request for general damages. Moreover, the trial judge fully charged the jury on the elements of fraud and that general damages could be awarded for fraud.

General damages are those which the law presumes to flow from any tortious act, and they may be awarded on a fraud claim.[1] The award of general damages in this case was not improper.

---

[1] *Cavin v. Brown*, 246 Ga. App. 40, 43 (2) (a) (538 SE2d 802) (2000).

2. Economic contends that the jury award of $117,411 as repair costs was not within the range of the evidence. But the Wheelers presented evidence that the total cost of repairing their termite-damaged house would be as much as $119,629, which includes not only construction costs, but also expenses associated with the loss of the use of their house during the potentially lengthy repair period. "Absent a showing that the jury verdict was so flagrantly excessive as to shock the conscience, creating a clear implication of bias, prejudice, or gross mistake on the part of the jurors so as to warrant a new trial, the appellate court will not disturb a verdict approved by the trial court."[2] In the instant case, we will not disturb the verdict approved by the trial court because it was within the range of the evidence and not flagrantly excessive.

3. Economic claims that the judgment must be reversed because the Wheelers failed to prove the cost of repair at the time they first discovered termite damage in 1994. But the testimony of Mr. Wheeler, cited by Economic in support of this claim, does not show that the Wheelers discovered the damage in 1994. While the evidence shows that in 1994 the Wheelers reported the discovery of insects to Economic, there is no evidence that at that time any termite damage was discovered. Rather, the evidence shows that the Wheelers did not discover the termite damage to their house until 1999. "The burden is on the party alleging error to show it affirmatively by the record."[3] Because Economic's claim of error that damage was first discovered in 1994 is not supported by the record, we find no ground for reversal.

4. Economic complains that a contractor's testimony estimating the Wheelers' repair costs was improper because it failed to exclude termite damage that existed prior to the Wheelers' purchase of the house. Economic, however, did not raise this objection to the contractor's testimony during trial. Because Economic failed to object contemporaneously to the testimony on this ground, the issue was not preserved for appellate review.[4]

5. Economic contends that the trial court erred in failing to give a corrective instruction to the jury after the Wheelers' attorney improperly referred to the likelihood of an appeal after the verdict. The transcript contradicts Economic's contention.

The transcript reveals that immediately after the comment a

---

[2] (Citations omitted.) *Witty v. McNeal Agency*, 239 Ga. App. 554, 563 (6) (521 SE2d 619) (1999).

[3] (Citation and punctuation omitted.) *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688) (1990).

[4] See *Welch v. Welch*, 244 Ga. App. 685, 687 (2) (536 SE2d 583) (2000); *Dept. of Transp. v. Wallace Enterprises*, 234 Ga. App. 1, 4 (5) (505 SE2d 549) (1998).

bench conference was held, Economic's lawyer asked for a curative instruction, the trial judge told the lawyer he would give one, and he then instructed the jurors that their only consideration was whether the plaintiffs were entitled to a recovery. Economic's lawyer did not object to this curative instruction, and the court then gave its final instructions to the jury.

A party waives the right to challenge the adequacy of a curative instruction by failing to object after the instruction has been given.[5] Since Economic failed to object to the instruction given, it cannot now complain that the court did not satisfy some unstated desire for a different or more specific instruction.[6]

6. Economic asserts that it is entitled to a new trial because on the second day of jury deliberations, the jury foreman improperly brought an easel and a pad with writing on it into the jury room. The juror gave an affidavit stating that during deliberations the jurors discussed the need for a time line of events, that he then brought to the jury room an easel and a pad listing the days and months for the years 1990 through 2001, and that only evidence submitted at trial was used to create a time line of events.

A motion for new trial because of improper juror conduct is addressed to the sound discretion of the trial judge, and unless there is an abuse of discretion, the appellate court will not upset the trial court's determination.[7] Given the jury foreman's affidavit, the trial court was authorized to find that the jurors simply used the easel and pad to create a time line and that this is not a case in which the jury improperly considered material not admitted into evidence.[8] Under these circumstances, the trial court did not abuse its discretion in denying Economic a new trial, and we therefore will not upset the trial court's determination.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JANUARY 13, 2003 —

*Decker, Hallman, Barber & Briggs, William W. Briggs*, for appellant.

*Eugene C. Brooks IV, Christopher M. Kessinger, Russell M. Stookey*, for appellees.

---

[5] *Billups v. State*, 234 Ga. App. 824, 829 (3) (507 SE2d 837) (1998).
[6] See *Gann v. State*, 245 Ga. App. 448 (1) (538 SE2d 97) (2000).
[7] *Riddle v. Beker*, 232 Ga. App. 393, 394 (501 SE2d 893) (1998).
[8] Compare *Leonard v. Owen*, 125 Ga. App. 5 (1) (186 SE2d 506) (1971).