A04A1673. DRYMAN v. WATTS et al.
(603 SE2d 51)

ELLINGTON, Judge.

Mitchell and Tammy Watts, as parents and next friend of their injured child, Zachary, sued Joseph Dryman in Muscogee County for negligence, alleging he struck Zachary with his truck while swerving around a parked ice cream truck in a school zone at a time when school children would be present. After a trial, the jury returned a defense verdict in favor of Dryman. The Watts moved for a new trial on the general grounds and on the special ground that a juror had obtained extrajudicial evidence pertinent to a material issue at trial. Following a hearing, the trial court granted the Watts' motion and issued a certificate of immediate review. This Court granted Dryman's application for an interlocutory appeal to consider whether the trial court erred in granting a new trial. Finding no error, we affirm.

1. In his sole enumeration of error, Dryman contends the trial court erred in granting a new trial on the special ground of "alleged juror misconduct." Dryman disregards the trial court's grant of a new trial on the general grounds as "gratuitous" and a "mere mention," arguing that the court's ruling really "revolves around jury misconduct." However, even if the trial court's decision had been "predicated exclusively on special legal grounds, [that decision] will not be disturbed by this court, unless it affirmatively appears that the verdict complained of was absolutely demanded." (Citations omitted.) *Harvey v. Bowles*, 112 Ga. 363 (37 SE 363) (1900). Thus, the

---

[7] *Dameron v. State*, 267 Ga. App. 671, 672 (3) (601 SE2d 137) (2004).

applicable standard of review does not discriminate between general and special grounds: "The first grant of a new trial shall not be disturbed by an appellate court unless the appellant shows that the judge abused his discretion in granting it *and that the law and facts require the verdict notwithstanding the judgment of the presiding judge.*" (Emphasis supplied.) OCGA § 5-5-50; *Gibson v. Carter*, 248 Ga. App. 280-281 (1) (545 SE2d 698) (2001).

Dryman has not presented facts or argued law in his appellate brief suggesting that the evidence adduced at trial demanded a verdict in his favor. Moreover, he specifically elected to omit the trial transcript on appeal to this Court, making it impossible for us to review the facts. He also conceded in the motion for new trial hearing that the evidence "was all over the place" and "of course the jury could have ruled in favor of either party." Finally, the trial court concludes in its order: "The evidence was such that this case could have resulted, easily, in a verdict for [the] plaintiffs." This falls far short of showing that the law and the facts required the verdict rendered. Consequently, we must affirm the trial court's grant of a new trial.

2. Although this case may be affirmed for the reasons set forth above, we address Dryman's juror misconduct contentions because there is a dearth of Georgia law on this point.

During deliberations, the jury sent a note to the judge asking what time Zachary's school let out for the day. The judge instructed the jury that they would have to remember the evidence to the best of their ability. Shortly thereafter, a juror made a call on her cell phone to get the information sought. In the motion hearing, the Watts presented the deposition testimony of Kimberly Dennis, a nonjuror, who admitted she received a telephone call from a juror during deliberations. A cell phone bill further substantiated that the call was made from the juror to Dennis during deliberations. Dennis deposed that the juror asked her what time Zachary's school ended for the day, and she responded that "some schools got out at 12:00, some got out at 2:15 and some got out at 3:15. It was according to what grade they were in." The judge concluded that evidence about when school was in session was prejudicial and may have influenced the jury "because it was such a close case."

The Supreme Court of Georgia has long held that "[t]he sanctity of the court and the purity of trial by jury alike demand that the verdict shall not be in the slightest degree influenced or controlled by matters and conduct extrinsic to the trial." *Desverges v. Goette*, 121 Ga. 65, 67 (48 SE 693) (1904). Where misconduct is alleged, "either on the part of a litigant, the jury, or strangers, it is competent for the court to hear evidence as to the truth or falsity of the imputation." Id. "A motion for new trial because of improper juror conduct is addressed to the sound discretion of the trial judge, and unless there is

an abuse of discretion, the appellate court will not upset the trial court's determination." (Footnote omitted.) *Economic Exterminators of Savannah v. Wheeler*, 259 Ga. App. 192, 194 (6) (576 SE2d 601) (2003).

Dennis's testimony is competent, direct evidence of juror misconduct. Dryman offered nothing to rebut it, though he could have presented the testimony of the jurors to sustain their verdict. OCGA § 9-10-9 provides that "[t]he affidavits of jurors may be taken to sustain but not to impeach their verdict."[1] Dennis's testimony does not run afoul of that Code section because she was neither a juror offering testimony to impeach her own verdict nor a third-party witness testifying about the hearsay, impeaching statements of the jurors. Rather, she was a nonjuror witness to the actual misconduct. Given this competent, unrebutted evidence, the trial court was authorized to grant a new trial on the special ground of juror misconduct. We find no error.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED JULY 23, 2004 — 

*Tisinger, Tisinger, Vance & Greer, Douglas C. Vassy, Paul D. Ivey, Jr., James V. Chafin*, for appellant.

*Berry, Shelnutt & Day, Wayne C. Day, Jr., Charles A. Gower*, for appellees.

---

[1] For a full discussion and critique of OCGA § 9-10-9, see *Newson v. Foster*, 261 Ga. App. 16 (581 SE2d 666) (2003), and the special concurrence thereto, id. at 18 (Ellington, J., concurring specially).