# Court of Appeals
# of the State of Georgia

ATLANTA,  March 13, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1055. FORD MOTOR COMPANY v. KIM HILL et al.**

Kim Hill and Adam Hill, surviving children and co-administrators of the Estates of Melvin Hill and Voncile Hill, sued Ford Motor Company for wrongful death and other claims. On the 15th day of trial, the court declared a mistrial, pursuant to its authority under OCGA § 15-1-3, due to Ford's willful violation of a pretrial order. The Hills moved for sanctions, specifically requesting issue preclusion for the retrial of the case based on Ford's actions during the 15 days of trial. The court granted the Hills's motion, limiting the issues to be tried in the subsequent trial. The court also ordered Ford to pay $10,440.00 to Gwinnett County for juror expenses. Ford filed this direct appeal from the court's order, contending the order is a directly appealable contempt order. The Hills have moved to dismiss the appeal, asserting Ford was required to follow the interlocutory appeal procedures to appeal from the court's order.

The grant of a motion for mistrial leaves the case pending in the trial court such that any appeal generally is interlocutory. See *Pie Nationwide v. Prickett*, 189 Ga. App. 77, 78 (374 SE2d 837) (1988). Ford, however, argues that the trial court's order constitutes a contempt ruling, which may be directly appealable. OCGA § 5-6-34 (a) (2). The appealability of an order is determined, not by its form, but by its substance and effect. See *American Med. Security Group, Inc. v. Parker*, 284 Ga. 102, 104 (4) (663 SE2d 697) (2008). Here, the order is not a contempt order because it merely precludes issues on retrial and awards juror costs based on Ford's willful misconduct. See id. at 105 (5) ("order was unconditional and was not intended to coerce compliance with the prior discovery order" and therefore did not constitute a

contempt order). There is no mention of contempt in the court's order until the very end, when the order states that Ford's attorney, who was granted pro hoc vice status, would be required in a subsequent proceeding, to show cause why he shouldn't be held in contempt and his privilege to practice rescinded as a result of his conduct during trial.

This order is properly construed as an interlocutory order, which is not subject to direct appeal. In order to appeal, Ford was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), including obtaining a certificate of immediate review within ten days of the order to be appealed and filing an application to appeal within ten days after the certificate was issued. Ford's failure to do so deprives this Court of jurisdiction to consider its appeal.

In an effort to avoid dismissal, Ford urges this Court to entertain this appeal under *Waldrip v. Head*, 272 Ga. 572, 574-577 (1) (532 SE2d 380) (2000). That case gave the Supreme Court authority to consider "on rare occasions" an interlocutory appeal even if the trial court denies a certificate of immediate review. Id. at 575 (1). But the ruling in *Waldrip* is limited to "exceptional cases that involve an issue of great concern, gravity, and importance to the public and no timely opportunity for appellate review." Id. at 575 (1). This is not such a case.

For these reasons, the Hills's motion to dismiss is hereby GRANTED, and this appeal is DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  03/13/2019
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

, Clerk.